UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In Re:                                                                CASE NO. 13-39155-LMI
Michael Gene Williams and                                CHAPTER 13
Isabel Luisa Williams,

        Debtor(s).
_____/

## MOTION TO REALLOCATE FUNDS DISBURSED BY THE CHAPTER 13 TRUSTEE

**COME NOW**, Debtors, Michael Gene Williams and Isabel Luisa Williams (hereinafter "Debtors") by and through the undersigned counsel, and file this Motion to Reallocate Funds Disbursed by the Chapter 13 Trustee (hereinafter "Motion"), and state as follows:

1. The Debtors filed their voluntary petition under Chapter 13 of the United States Bankruptcy Code on December 6, 2013. The Fourth Amended Chapter 13 Plan ("4AP") was confirmed on May 16, 2014 (ECF #60).

2. Under the 4AP, Debtors proposed to pay Green Tree Servicing, LLC $1,273.96 per month for Months 1 through 60 and unsecured creditors $803.57 per month for Months 5 to 60. Unfortunately, after Month 15, Debtors circumstances changed and they no longer had the ability to maintain payments under the confirmed plan.

3. A Notice of Delinquency (ECF #62) was filed on June 23, 2015. Debtors filed a Motion to Modify to cure the delinquency, as permitted by the Order Confirming Chapter 13 Plan (ECF #60, ¶ 7) and the Notice of Delinquency (ECF #62). The modified plan leaves the first fifteen months of the plan consistent with the confirmed 4AP. However, the Chapter 13 Trustee ("Trustee") initially objected to the proposed modified plan on the basis that $30,506.31 was disbursed to Green Tree and that the modified plan did not provide for those payments.

1

4.      During Months 1 through 15, Green Tree should only have been paid $19,109.40 pursuant to the confirmed 4AP and $8,839.35 should have been provided to unsecured creditors. However, the Trustee disbursed $30,506.31 to Green Tree and $0.00 to the unsecured creditors.

5.      Based on this overpayment, Debtor filed a Motion for Turnover from Green Tree Servicing, LLC (ECF #75) requesting this Court to order Green Tree to turn over the overpayment in the amount of $11,396.91 that it received in excess of the confirmed payments for months 1 through 15. The Order Granting Motion for Turnover from Green Tree Servicing ("Order Granting Turnover"), LLC was entered on October 19, 2015 (ECF #84).

6.      The Order Granting Turnover directed Green Tree Servicing, LLC to turnover $4,861.64 to the Trustee. Green Tree was not ordered to return all of the funds allocated to unsecured creditors because Green Tree has an unsecured claim as well. The amount ordered to be turned over was calculated as per the confirmed plan and described in detail below.

7.      In the confirmed plan, $8,839.35 should have been paid to unsecured creditors during the first fifteen months. Green Tree has both a secured claim and an unsecured claim. See POC #1 and ECF #50. Green Tree's unsecured claim is in the amount of $36,395.64. Community Bank is the other unsecured creditor that has filed a Proof of Claim in this case. See POC #4 and ECF #54. Community Bank's unsecured claim is in the amount of $44,094.14.

8.      Green Tree's unsecured claim makes up 45% of the total unsecured claims. Community Bank's claim makes up 55% of the total unsecured claims. Because the confirmed plan called for a total of $8,839.35 to be paid to unsecured creditors during the first fifteen months, Green Tree's pro rata share of the general unsecured funds was $3,977.71. Green Tree was ordered to turn over $4,861.64, which is 55% of the total amount paid into the plan toward unsecured creditors for months one through fifteen.

9. The Trustee has objected to the Motion to Modify despite the fact that the Third Modified Plan (ECF #92) does not change the terms of the confirmed plan, and pays in a total of $12,098.15 toward unsecured creditors, which includes the amount of disposable income the Debtor's had during the first fifteen months of the plan ($803.57 x 15 = $12,053.55), before their circumstances changed.

10. The Debtors now request that this Court order the Trustee to allocate $3,977.71 of the funds disbursed to Green Tree toward Green Tree's unsecured claim, overrule the Trustee's Objection to Motion to Modify (ECF #93), and confirm the Third Modified Plan.

**WHEREFORE**, the Debtors, Michael Gene Williams and Isabel Luisa Williams, request that this Motion be granted and order that the Chapter 13 Trustee allocate $3,977.71 of the funds disbursed to Green Tree toward Green Tree's unsecured claim, overrule the Trustee's objection to Modify (ECF #93), confirm the Debtor's Third Modified Plan, and any other relief this Court deems just and necessary under the circumstances.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated: December 18, 2015

Respectfully submitted,

Law Offices of Richard R. Robles, P.A.
Attorneys for Four Ambassadors
905 Brickell Bay Drive
Four Ambassadors
Tower II, Mezzanine, Suite 228
Miami, Florida 33131
Telephone: (305) 755-9200
Facsimile:  (305) 755-9270
Emails: rrobles@roblespa.com
nrossoletti@roblespa.com
rroque@roblespa.com
nsilva@roblespa.com

/s/ Richard R. Robles, Esquire
RICHARD R. ROBLES, ESQUIRE
Florida Bar No. 0088481